J-S20006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VERNELL MORRIS | : | |
| | : | |
| Appellant | : | No. 2788 EDA 2022 |

Appeal from the PCRA Order Entered October 21, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1113151-1992

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 30, 2023**

Appellant, Vernell Morris, appeals *pro se* from the October 21, 2022 Order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 8, 1994, the trial court convicted Appellant after a bench trial of First-Degree Murder, Possessing an Instrument of Crime, and five counts each of Aggravated Assault, Simple Assault, and Recklessly Endangering Another Person.  On September 8, 1994, the trial court sentenced Appellant to a mandatory term of life imprisonment.  Appellant was 24-years old at the time of the crimes.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This Court affirmed Appellant's Judgment of Sentence, and, on January 7, 1997, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Morris**, 678 A.2d 831 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 689 A.2d 232 (Pa. 1997). Appellant did not seek further review and, therefore, his Judgment of Sentence became final on April 7, 1997. **See** 42 Pa.C.S § 9545(b)(3) ("a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."). **See also** U.S.Sup.Ct.R. 13.

On September 22, 2008, Appellant filed a *pro se* writ of *habeas corpus*, which the trial court dismissed without prejudice to file a PCRA petition. On July 20, 2012, Appellant *pro se* filed his first PCRA petition. The PCRA court did not appoint Appellant counsel, but instead served him with notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 as untimely. Appellant did not respond to the Rule 907 notice, and the court dismissed his petition as untimely on November 3, 2016. Appellant timely appealed, and this Court remanded for the appointment of PCRA counsel pursuant to Pa.R.Crim.P. 904(C) and preparation of an amended petition. **Commonwealth v. Morris**, No. 3731 EDA 2016 (Pa. Super. filed February 1, 2018).

On May 15, 2018, the PCRA court appointed counsel who, on September 16, 2018, filed a **Turner**/**Finley**[1] no-merit brief and a petition to withdraw as counsel. Counsel concluded that, after a thorough review of Appellant's case, Appellant's collateral claims were untimely.

On September 20, 2018, the PCRA court issued a Rule 907 notice informing Appellant of its intent to dismiss his PCRA petition as untimely. On October 5, 2018, Appellant filed a *pro se* response to the Rule 907 notice. On October 18, 2018, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw.

On July 8, 2020, Appellant filed in the Civil Division of the Philadelphia County Court of Common Pleas a "Petition for Writ of *Habeas Corpus ad Subjiciendum*," in which he claimed, *inter alia*, that he is serving an illegal sentence.[2] The court transferred the petition to the criminal division the next day.

The PCRA court considered the petition under the PCRA.[3] After determining that Appellant filed it untimely and did not plead or prove any

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In particular, Appellant claimed that pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), his mandatory minimum sentence is unconstitutional. Petition, 7/8/20, at 3-7.

[3] The court explained that "because [Appellant] is challenging the legality of his sentence, such a claim is cognizable under the PCRA and was thus reviewed pursuant to its dictates." Rule 907 Notice, 8/18/22, at 1 (citing
*(Footnote Continued Next Page)*

exceptions to the PCRA's time-bar, the court issued a Rule 907 Notice of intent to dismiss without a hearing. Appellant filed a *pro se* response to the Rule 907 Notice in which he asserted that the court erred in considering his petition under the PCRA and in dismissing it as untimely. On October 21, 2022, the PCRA court dismissed Appellant's petition as untimely.

This *pro se* appeal followed.

Appellant raises the following issues on appeal:

1. Whether the Civil Division of the Court of Common Pleas of Philadelphia County erred[] and committed an abuse of discretion by way of transferring Appellant's Writ of *Habeas Corpus ad Subjiciendum* from the Civil Division to the Criminal Division?

2. Whether the PCRA court erred in dismissing Appellant's Petition because the Court's findings were not supported by the record and were not free of legal error?

3. Whether the PCRA court violated Appellant's state and federal constitutional rights and committed an abuse of discretion where it determined that Appellant's Writ of *Habeas Corpus ad Subjiciendum* was not available under 42 Pa.C.S.[] (b) 6503(b) where Appellant is being restrained by virtue of a[n] issue not cognizable under the PCRA proceedings § (a)(2)(i)-(viii) authorized by law?

Appellant's Brief at 4.

**A.**

In his related first and third issues, Appellant challenges the transfer of his petition for writ of *habeas corpus* from the Civil Division to the Criminal

---

*Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (noting that a court will treat any petition filed after a judgment of sentence becomes final as a PCRA petition if the claim is cognizable under the PCRA)).

Division of the Philadelphia County Court of Common Pleas. Appellant argues that the PCRA court lacked subject matter jurisdiction over his petition for writ of *habeas corpus* because Appellant filed the petition in the Civil Division. Appellant's Brief at 8-9, 16-17. Although Appellant concedes he raised an illegal sentence claim, he argues that he "was not challenging the legality of his sentence, but rather a condition on his confinement (*i.e.*, lifetime preclusion from parole) which is not effectuated on those similarly situated [] in that they've been found guilty of violation of the same elements of [] 18 Pa.C.S. § 2502[, First-Degree Murder]."[4] *Id.* at 18.

In Pennsylvania, the PCRA subsumes the writ of *habeas corpus* and is "intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013); 42 Pa.C.S. § 9542. Consequently, claims that could be brought under the PCRA must be brought under the PCRA. **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001). If a claim is cognizable under the PCRA, *habeas corpus* relief is unavailable. **Commonwealth v. Peterkin**, 722 A.2d 638, 640–41 (Pa. 1998).

---

[4] Notably, and somewhat illogically, Appellant also states that his underlying issue **is** cognizable under the PCRA: "[t]he question in the matter *sub judice*[] is whether the claim at issue in Appellant's petition[,] that being his allegation that is those similarly situated and convicted of the same offense are not given the same constitutional considerations as a juvenile at sentencing, then a constitutional violation of the Due Process Clause and Equal Protection Clause of the Pennsylvania Constitution and the United States Constitution will have accrued as a direct result[] **is** a claim available under the [PCRA]." Appellant's Brief at 19 (emphasis added).

Challenges to the legality of one's sentence are cognizable under the PCRA. *See Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA.").

Instantly, Appellant challenged the legality of his sentence under *Miller v. Alabama*, 567 U.S. 460 (2012), which is a claim cognizable under the PCRA. The lower court, therefore, properly transferred his petition from the Civil Division to the Criminal Division for disposition. This claim, thus, merits no relief.

## B.

In his second issue, Appellant asserts that the PCRA court erred in dismissing his petition as untimely. Appellant's Brief at 11-12. In support of this claim, Appellant argues that the PCRA court should have granted him leave to amend his petition to plead "any of the applicable exceptions to" the PCRA's time bar or transferred the petition back to the Civil Division for disposition on the merits of his equal protection and due process claims. *Id.* at 11-12. Appellant does not, however, direct this court to the place in the record where he requested leave to amend his petition or identify which of the PCRA's time-bar exceptions would apply to the facts of this case if he had been permitted to amend.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Root*, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants

great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions, which we review *de novo*. **Commonwealth v. Prater**, 256 A.3d 1274, 1282 (Pa. Super. 2021).

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. **Id.** at Section 9545(b)(1). Appellant's Petition, filed more than 20 years after his Judgment of Sentence became final, is facially untimely.

The PCRA, however, provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition to establishing the elements of a timeliness exception, a petitioner must also establish that he filed his PCRA petition within 60 days of the date he could have presented his claim. 42 Pa.C.S. § 9545(b)(2).[5]

We note that, as long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived.

_____

[5] For claims arising prior to December 24, 2017, Section 9545(b)(2) required that a petitioner file his petition within 60 days of the date the claim could have been presented. The legislature subsequently amended Section 9545(b)(2), so that for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented." **Miller** became law in 2012; thus, Appellant's claim arose under the prior 60-day rule.

*Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a petitioner must raise a post-conviction legality of sentence issue in a timely-filed PCRA Petition over which we have jurisdiction. *See* 42 Pa.C.S. § 9545(b); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Our review of Appellant's petition confirms that he did not attempt to plead or prove the applicability of any of the PCRA's timeliness exceptions. Accordingly, neither the PCRA court nor this Court has jurisdiction to review the merits of Appellant's challenge to the legality of his sentence. The PCRA court, thus, properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, therefore, affirm the denial of PCRA relief.[6]

Order affirmed.

---

[6] We note that, even if Appellant's petition had been timely filed, his illegal sentence claim based on *Miller* would fail as Appellant was 24 years old, and not a juvenile, at the time he committed the crimes for which the court sentenced him to a mandatory term of life imprisonment. We further note that Appellant still had to plead and prove a timeliness exception in order for our courts to consider his due process argument. *See Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013) ("in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: _8/30/2023_